953 F.2d 1384
 139 L.R.R.M. (BNA) 2672
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
B.A.F., INC.; 4-Star Construction Corporation, Respondents.
 No. 91-5549.
 United States Court of Appeals, Sixth Circuit.
 Feb. 7, 1992.
 
 Before BOGGS and ALAN E. NORRIS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 The National Labor Relations Board ("the Board") seeks enforcement pursuant to 29 U.S.C. § 160(e) of its decision and order issued against B.A.F., Inc. ("B.A.F.") and 4-Star Construction Corporation ("4-Star"). The Board found that B.A.F. is the alter ego of 4-Star and that the two enterprises violated sections 8(a)(1) and (5) of the National Labor Relations Act, 29 U.S.C. § 151 et seq. ("the Act"). The matter has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). Counsel for the parties have expressly waived oral argument. Rule 9(c), Rules of the Sixth Circuit.
 
 
 2
 Following a charge filed by the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the U.S. and Canada, Local 42 ("the Union"), a complaint was issued against respondents. It was alleged that B.A.F. and 4-Star were affiliated business enterprises; that, by virtue of their operations, they constituted a single intergrated business enterprise and a single employer; that B.A.F. was the alter ego of 4-Star; that 4-Star exercised control over B.A.F.'s labor relations policy; that B.A.F. and 4-Star were joint employers of B.A.F.'s employees; that the Union was the exclusive representative of a described unit; and that B.A.F. and 4-Star refused to recognize and bargain with the Union. Respondents denied the allegations.
 
 
 3
 Following a hearing, the administrative law judge ("ALJ") issued his decision. The ALJ found, in part, that B.A.F. and 4-Star were alter egos and violated the Act by abrogating the contract with the Union. The ALJ recommended that respondents should be ordered to cease and desist from unlawful activity and to take affirmative action necessary to effectuate the policies of the Act. The Board adopted the ALJ's recommended order.
 
 
 4
 Findings of fact by the NLRB are conclusive "if supported by substantial evidence on the record considered as a whole." NLRB v. Shrader's, Inc., 928 F.2d 194, 196 (6th Cir.1991). Because a determination of alter ego status is a question of fact, the Board's conclusion must be enforced if supported by substantial evidence. NLRB v. Allcoast Transfer, Inc., 780 F.2d 576, 579 (6th Cir.1986).
 
 
 5
 The criteria on which a determination of alter ego status is based are "whether the two enterprises have substantially identical management, business, purpose, operation, equipment, customers, supervision and ownership." Nelson Electric v. NLRB, 638 F.2d 965, 968 (6th Cir.1981) (per curiam). An alter ego analysis is flexible; all relevant factors must be weighed, but not all factors need be present. Allcoast Transfer, Inc., 780 F.2d at 581-82. Upon review, we conclude that the Board's conclusion is supported by substantial evidence.
 
 
 6
 Respondents' argument that the underlying proceeding was barred by principles of res judicata lacks merit. See, e.g., Edna H. Pagel, Inc. v. Teamsters Local 595, 667 F.2d 1275, 1279-80 (9th Cir.1982). Respondents also argue that legitimate business reasons preclude a finding that they abrogated the Union contract. Their argument is unavailing. An employer's unilateral decision is unlawful during the term of a collective bargaining agreement, notwithstanding a claim of business necessity. See NLRB v. Amateyus, Ltd., 817 F.2d 996, 999 (2d Cir.) (per curiam), cert. denied, 484 U.S. 925 (1987).
 
 
 7
 Accordingly, the Board's application for enforcement of its order is granted. Rule 9(b)(3), Rules of the Sixth Circuit.